### INHABITANTS OF SANDWICH *v.* ANSEL FISH & others.

Where a town, yearly, for four successive years, charges a collector of taxes in account with the amount of taxes intrusted to him for collection, and with the balance of the previous year's account, and credits him with the money received from him, and with the balance carried to the next year's account, and no other appropriation of the sums paid by him is made by either party, they will be applied to the extinguishment of the earliest charges; and the balance of each year's account, except the last, being thus extinguished, the town may recover the final balance of him and his sureties in an action on his bond for the fourth year.

It is no defence to an action by a town on the bond of a collector of taxes, to recover money received by him for taxes, and not paid to the town, that the tax list did not state the places of abode of non-residents, as required by Rev. Sts. *c.* 7, § 31; or that the warrant directed him to commit for non-payment sooner than authorized by Rev. Sts. *c.* 8, § 11; or that the assessors did not deposit the tax list, nor an attested copy thereof, in their office, before committing the taxes to him for collection, as required by Rev. Sts. *c.* 7, § 29.

ACTION OF CONTRACT upon four bonds, executed by Fish as principal, and the other defendants as sureties, dated respectively November 8th 1847, November 6th 1848, November 12th 1849, and November 11th 1850, each reciting the election of Fish to the office of collector of the town of Sandwich for the current year, and conditioned that he should faithfully discharge all the duties of his office, and should collect and pay over, as required, all taxes committed to him for collection, and should do and perform all such things as were or might be legally required of him by the warrants of the assessors of the town for the time being. The declaration contained a count on each bond, averring the delivery by the assessors to Fish of a list of taxes, duly assessed, with a legal warrant for the collection of the same, and the neglect of Fish to pay to the treasurer of the town a portion of such taxes, which portion was alleged to be $455.95 for 1847, $460.48 for 1848, $689.41 for 1849, and $606.92 for 1850.

The answer to each count alleged the defendants' ignorance whether a list of taxes was delivered to Fish, and whether the taxes were duly assessed; denied the delivery to Fish of a legal warrant for the collection of the taxes, and the neglect of Fish to pay to the town treasurer; and set up in avoidance of the action that Fish had paid to the plaintiffs all that he was bound to pay them as collector of taxes for that year.

At the trial in the court of common pleas, the plaintiffs proved that at meetings of the town of Sandwich, called according to the usual mode of warning meetings in that town, the following sums were voted, to be assessed according to law, namely, in 1847, $4,502.33; in 1848, $5,666.88; in 1849, $5,466.88; and in 1850, $5,600; that the assessors of the town gave due notice to the inhabitants, and also to non-resident owners of real estate, to bring in their lists of polls and estates; and proceeded to assess the sums so voted, and the overlayings thereof, as authorized by Rev. Sts. *c.* 7, § 28; and that lists of the taxes so assessed were delivered to Fish, with warrants for their collection.

These warrants directed the collector, in case of the neglect of any person to pay his tax for twelve days after demand, and in want of goods and chattels whereon to make distress, to take the body of such person, and commit him to prison until he should pay the tax.

In the tax lists, the residences of the non-resident owners of real estate were indicated by the initials B., P., F., N. B., and N. Y., for Barnstable, Plymouth, Falmouth, New Bedford and New York; as was customary in the town.

There was evidence tending to show that neither the tax list for 1850, nor an attested copy thereof, was deposited in the office of the assessors, before the taxes were committed to Fish for collection.

The defendants gave in evidence an account, from the books of the town, of which the following is an abstract:

| Dr. | Ansel Fish, Collector. | Cr. |
|---|---|---|
| 1847, April 5. To balance on old account, $4,942.58 | 1847. By cash, . . $2,607.95 | |
| " " To am't of taxes for 1847, . 4,502.33 | 1848, Feb. 28. By cash, . . 1,254.09 | |
| | " " By balance to new account, 5,582.87 | |
| 9,444.91 | 9,444.91 | |
| 1848. To balance on old account, 5,582.87 | 1848. By cash, . . 2,464.50 | |
| To am't of taxes for 1848, . 6,123.53 | 1849, Feb. 5. By cash, . . 1,105.00 | |
| | " " By balance to new account, 8,136.90 | |
| 11,706.40 | 11,706.40 | |

Inhabitants of Sandwich *v.* Fish & others.

| 1849. | To balance on old account, | 8,136.90 | 1849. | By cash, . . | 3,982.85 |
| | To am't of taxes for 1849, . | 5,699.03 | 1850, Feb. 21. | By cash, . . | 2,412.94 |
| | | | " " | By balance to new account, | 7,440.14 |
| | | 13,835.93 | | | 13,835.93 |
| 1850 | To balance on old account, | 7,440.14 | 1850. | By cash, . . | 2,041.03 |
| | To am't of taxes for 1850, . | 5,784.22 | 1851, Mar. 19. | By cash, . . | 3,451 34 |
| | | | " " | By balance to new account, | 7,731.99 |
| | | $13,224.36 | | | $13,224.36 |

These facts were submitted to the court by the parties, with an agreement that the court might draw such inferences as a jury might, and that, if the court thereupon should hold that the plaintiffs were entitled to recover, the amount should be determined by an assessor to be appointed by the court; and if the court should hold that the plaintiffs could not recover, a nonsuit should be entered. The court of common pleas ruled that the plaintiffs were entitled to recover on each count in their writ, and gave judgment accordingly ; and the defendants appealed.

*G. Marston,* (*N. Marston* with him,) for the plaintiffs.

*T. D. Eliot & J. M. Day,* for the defendants. The plaintiffs had no right to appropriate the amount received from the collector, in any year, to the payment of the balance of the year previous. But if they had any such right, they have not exercised it; as appears by the account given in evidence, and by the plaintiffs' seeking in this action to recover a balance on each year's account. The court will therefore so appropriate the payments that the sureties shall not suffer.

In order to maintain this action, it must appear that the warrants and accompanying tax lists conformed, in all respects, to the requirements of law. The tax lists were defective, in not stating the place of abode of non-residents, when known, as required by Rev. Sts. c. 7, § 31. And the warrants directed the collector to commit any person neglecting, for twelve days, to pay his tax, instead of fourteen days, as provided by Rev. Sts. 8, § 11. The collector was not therefore bound to proceed in

the collection of the taxes; although, if he had proceeded according to law, though not according to the warrants, he would have been protected.

The tax of 1850 was illegal; because the assessors did not deposit the tax list for that year, or an attested copy thereof, in their office, before committing the taxes to Fish for collection, as required by Rev. Sts. *c.* 7, § 29. *Blossom* v. *Cannon,* 14 Mass 177. *Thayer* v. *Stearns,* 1 Pick. 482. *Torrey* v. *Millbury,* 21 Pick. 67. *Watson* v. *Princeton,* 4 Met. 602.

SHAW, C. J. The first ground of defence is payment, or, in other words, that the payments made to the town by the collector, during the four years, exceeded the tax bills during those years. The bond of the collector is undoubtedly for each year, and would not, of itself, render the collector and his sureties liable for the balance of the account of a previous year. It does not appear, and is not material to the decision, whether the sureties of Fish for the years previous to 1847 were the same or not. But the general rule, in the appropriation of payments, is, that money, not otherwise appropriated by either party, is to be applied to the earliest debt. And that rule applies here. When accounts are settled yearly, and the balance transferred to the new account, if no appropriation is made of the payments by the parties, they must be applied in the order of priority, so that each payment shall go to discharge the earliest debit. *Boston Hat Manufactory* v. *Messinger,* 2 Pick. 223. The balance due on each year's account previous to the last being extinguished by the payments, the deficit falls on the last year. *Colerain* v. *Bell,* 9 Met. 499. And the plaintiffs may amend their declaration so as to charge the whole deficit on the fourth count, and will then be entitled to recover on that count such sum as may be found due by an assessor.

The provisions of the statutes as to the form of warrants and tax lists, and the place where the lists shall be deposited, are intended for the benefit of the tax payer. As to all other persons, they are directory merely, and not conditions precedent. Defects in the warrant or tax list might be a good excuse for not executing the warrant. But to say that a col-

lector, who has collected the money, without objection by the tax payers, is not liable to account therefor, would be as contrary to the rules of law, as to justice. He can only avail himself of such defects as have prevented his performance of his duty.

*Case referred to an assessor.*